UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN BLACKWELL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )  Case No. |
| | ) |
| GANNETT CO. INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff complains against the above-named Defendant as follows:

**I.  THE PARTIES.**

1. Plaintiff is a citizen of the United States and resident of Leavenworth County, Kansas.

2. Defendant Gannett Co. Inc. is registered and doing business at multiple locations in the state of Kansas during the relevant time period.

**II.  JURISDICTION AND VENUE.**

3. The jurisdiction of the federal court is invoked because Plaintiff's claims arise under the statutes and laws of the United States, 42 U.S.C. Section 2000e et seq., the Americans with Disabilities Act, as amended in 2008 ("ADA"/ADAAA").

4. Venue in the United States District Court for the District of Kansas is proper because Kansas is where the claims arose.

5. The Court has pendant jurisdiction over state law claims asserted by Plaintiff because the claims arise out of the same nucleus of fact as Plaintiff's federal claims.

## III. STATEMENT OF FACTS.

6. Plaintiff John Blackwell applied for employment with GateHouse Media in late summer 2019 for a position as a Digital Sales Manager.

7. Mr. Blackwell suffers from the disability of depression.

8. Mr. Blackwell's depression substantially limits one or more major life activity and when it periodically flares up, it causes him to require reasonable accommodations to allow him to perform the essential functions of his job.

9. A copy of the job posting Mr. Blackwell applied for is attached as **Exhibit A**.

10. Mr. Blackwell, was told and understood his primary role would helping to build a new division and in that role he would be recruiting salespeople, training, monitoring performance and supervising current staff.

11. Mr. Blackwell was offered the position as Digital Sales Manager and upon acceptance of this position, he resigned his then-current gainful employment.

12. Mr. Blackwell began his employment with GateHouse Media, Inc. in Topeka, Kansas on or about September 30, 2019 as a Digital Sales Manager.

13. At or around this time, GateHouse merged with Defendant Gannett, Co.

14. When Mr. Blackwell began work and completed his training for his position as Digital Sales Manager, he found disparity with the job responsibilities he was assigned which were substantially different than what was advertised and presented to him when he decided to accept that position.

15. From the time he was hired, Mr. Blackwell was placed in initial training that lasted from September 30, 2019 through approximately December 6, 2019.

16. During his initial training period, he was also paid training pay, which was scheduled to continue into early January 2020.

17. Mr. Blackwell received a passing grade for his training and was not given any verbal or written direction that his performance was anything other than adequate.

18. As a new employee for Defendant using a new sales system and new sales model, Mr. Blackwell received continued training and feedback and applied that training to his day-to-day work.

19. As Mr. Blackwell continued to perform his duties, he became concerned that he was not "managing" staff or building a department as he believed he would prior to quitting his prior employment to accept a job with Defendant.

20. Defendant tried to assuage Mr. Blackwell's concerns by explaining it was short staffed and its sales staff had to wear many hats and do many things.

21. Defendant had never explained anything about being short staffed or that the Digital Sales Managers would not be engaged in managing staff but would instead be extensively involved in ground level digital sales.

22. Though Mr. Blackwell was in the position of Digital Sales Manager, he was continually pressed toward doing work that was inconsistent with the representations about the primary duties he would perform as Digital Sales Manager.

23. Through January 8, 2020, at no time was Mr. Blackwell issued disciplinary actions, warnings or feedback that his job was in jeopardy based on his job performance.

24. On or about January 8, 2020, Mr. Blackwell applied for and was approved for a leave of absence by Gannett based on his physicians' recommendation.

25. The reason for the leave request by Mr. Blackwell was to address symptoms of his underlying disability that had become exacerbated.

26. In the process of commencing his leave, Mr. Blackwell was never advised that the requested accommodation was not approved or that he had to suggest an alternative accommodation, rather the understanding was his accommodation was approved through approximately March 27, 2020.

27. Less than two weeks before March 27, 2020 Mr. Blackwell was informed, without warning, he was being terminated.

28. The communication sent to Mr. Blackwell informing him that he was terminated stated "Due to the fact that you have informed us that you are unable to return to work and perform the essential functions of the position that you previously held at GateHouse Media, I regret to inform you that we can no longer hold your position open and your employment will be terminated effective March 10, 2020."

29. Mr. Blackwell never informed Defendant he could not have returned to work.

30. On March 10, 2020 Mr. Blackwell emailed Gary Funkhouser, a human resources professional at Gannett, about working in the position of a sales representative, but his inquiry was ignored and his termination was completed.

31. At the time of his termination and mistreatment by Gannett, Mr. Blackwell could have returned to work and performed his duties with a reasonable accommodation other than a leave of absence, but he never was even told that continuation of his medical leave was no longer considered a reasonable accommodation and was instead summarily fired.

32. In a March 21, 2020 email from Funkhouser, Mr. Blackwell was told about his termination that "They couldn't keep your position open.".

## COUNT I - DISABILITY DISCRIMINATION AND RETALIATION IN VIOLATION OF THE ADAA

33. Plaintiff hereby incorporates the foregoing paragraphs by reference.

34. Plaintiff was an individual who suffered from disabilities protected by the Americans with Disabilities Act.

35. Plaintiff sought reasonable accommodation in the form of accommodated leave, but was denied such accommodation (i.e. he was fired during the leave that had purportedly been granted) and/or such leave was not offered in good faith.

36. Plaintiff was "regarded" as disabled in that Defendant chose Plaintiff to be released from employment on the basis of his having a record of disability, as opposed to terminating non-disabled employees.

37. Defendant terminated Plaintiff rather than engage in a good faith interactive process as Plaintiff was approaching the end of his medical leave period.

38. Defendant terminated Plaintiff during the period of the stipulated and agreed accommodated medical leave rather than permit Plaintiff to complete that period of medical leave.

39. Defendant, in the course of prematurely ending Plaintiff's accommodation, retaliated against him by terminating his employment because he had engaged in protected activity of requesting an accommodated leave.

40. On information and belief, Defendant could have held Plaintiff's position open longer than it did, or provided him other opportunities to remain employed, but instead, opted to terminate his employment under a false pretext and otherwise ignore his requests to be placed in another position.

41. Defendant failed to engage in the good faith interactive process with Plaintiff regarding his required accommodations when the end of his leave period was approaching.

42. Defendant failed to provide a reasonable accommodation as to Plaintiff's disabilities.

43. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within the appropriate time period and filed a complaint within 90 days after the date of his right to sue letter.

44. A copy of Plaintiff's right to sue letter is attached as **Exhibit B**.

45. As such, this action is timely and Plaintiff has exhausted all administrative prerequisites to filing this action.

46. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained and will continue in the future to sustain damages in the form of lost income, emotional pain, suffering, mental anguish, inconvenience, and loss of enjoyment of life.

47. Defendant's conduct against Plaintiff was intentional and in reckless disregard of his rights to be free from discrimination such that Plaintiff is entitled to an award of punitive damages.

48. Plaintiff is entitled to economic damages, emotional distress damages, punitive damages, pre and post-judgment interest, attorneys' fees and any other relief the Court deems just and equitable.

### FRCP 8 Notice of claims under facts stated above.

49. Incorporating all facts and statements above, Plaintiff states that by listing particular counts of his claim he is not intending to waive other theories that are consistent with Federal Law and FRCP 8, and cognizable based on the allegations above that support claims for negligent or fraudulent misrepresentation recognized by applicable state law.

WHEREFORE, Plaintiff prays for judgment against Defendant on all Counts above for actual damages, compensatory and punitive damages, and all costs, expenses and attorneys' fees incurred herein, for appropriate equitable relief, for interest at the highest lawful rate, and all other relief the Court deems fair and equitable.

IV.     DEMAND FOR JURY TRIAL.

Plaintiff hereby demands a trial by jury for the foregoing causes of action.

VII.    DESIGNATION OF PLACE OF TRIAL.

Plaintiff hereby requests that the trial be held at Kansas City, Kansas.

>Respectfully submitted,
>
>REAVEY LAW LLC
>
>By:   /s/ Kevin C. Koc            .
>      Patrick G. Reavey, KS# 17291
>      Kevin Koc KS# 24953
>      Livestock Exchange Building
>      1600 Genessee, Suite 303
>      Kansas City, MO 64102
>      Ph: 816.474.6300
>      Fax: 816.474.6302
>      Email: preavey@reaveylaw.com
>      Email: kkoc@reaveylaw.com
>      Website: www.reaveylaw.com
>      ATTORNEYS FOR PLAINTIFF